## BELINDA THOMPSON *vs.* JOHN A. McGAW & others.

A woman is " deprived of the provision made for her by will, in lieu of dower," within the meaning of the Rev. Sts. c. 60, § 13, and is entitled to be endowed, if all the property of the testator is taken, or required, for the payment of his debts. And she is thus entitled, in such case, where the provision is by devise of all the testator's property, on condition that she pay all his debts, legacies, &c. as well as when the provision is by bequest of a certain sum of money, or of specific property.

It is no objection, in such case, to an application to a probate court for an assigment of dower, that a previous application had been made and refused before there was sufficient evidence that the petitioner would be deprived of the provision in the will, and that she did not appeal from the decree of refusal.

THIS was an appeal from a decree of the judge of probate in this county, disallowing the appellant's claim to dower in the

estate of her late husband, Erasmus Thompson. The will of said Erasmus, proved on the 28th of August, 1837, was this : " I give to my wife, Belinda Thompson, upon condition that she shall pay to each of my sisters [naming two] the sum of $100, and afford to my mother a competent support during her life, all the real and personal estate of which I shall be the owner at the time of my decease, after my just debts shall have been paid, with all the privileges and appurtenances necessary for the enjoyment of the premises ; to hold, occupy, and enjoy the said estate so long as she shall remain my widow. But in case of a second marriage on the part of my wife, I give to her one third only of my real estate, and to my children the remaining two thirds." The appellant was appointed executrix of the will, took out letters testamentary, returned an inventory on the 25th of September, 1837, and exhibited a list of debts and represented the estate to be insolvent on the 11th of June, 1838, when she also represented to the judge of probate that the provision made for her in said will had wholly failed, by reason of the insolvency of the estate, which was not known nor suspected by her until more than six months after probate of the will ; wherefore she petitioned to be endowed in the lands of her husband. This application for dower was denied by the judge ; but commissioners of insolvency were thereupon appointed, who returned, in January and May, 1839, debts proved before them to an amount which rendered it probable that the estate would be insolvent, or, at least, that nothing would be left for the appellant, under the provisions of the will. On the 7th of January, 1839, the appellant again presented to the judge of probate a petition to be endowed, setting forth that the testator's real estate must be sold for payment of his debts, and that a sale thereof could not be made without great loss, until her claim to dower should be determined. The judge decreed that she was not entitled to dower.

The reasons of appeal from this decree were, 1. Because the testator, not aware of the condition of his property, when he made his will, and afterwards until his decease, represented to the appellant that said estate would amount to a large sum, and

she thereupon believed she should enjoy the whole of it subject to the charges imposed by the will ; and this erroneous belief re · maining unaltered for more than six months after probate of the will, she was prevented from making an election between said supposed provision and her dower.    2. Because, in truth, said will did not contain any real provision for the appellant.    3. Because, under the circumstances of the case, she was not, and could not be, held to make an election.

The case was argued in writing.

*W. D. Sohier,* for the appellant.

As the provision made for the appellant, in the will, was a *residue* of an estate, after payment of debts, subject to legacies, &c., it was impossible to estimate, within six months, what the product would be.    Four years are allowed to creditors to claim payment of their debts, and until the amount of the debts and of the estate could be certainly known, there was nothing but her husband's representations to induce the appellant to elect between dower and the provision in the will ; and she was prevented by her belief of those representations, for more than six months, from electing her dower.    She has not evinced, by any act, however equivocal, an intention to forego her right of dower ; and until she has clearly given her assent to accept the provision in the will, after full knowledge of her rights, it is not to be presumed that she has bartered her dower for it.

The Rev. Sts. *c.* 60, § 11, create a case of compulsory election between dower, and a gift, which, in effect, is offered to the donee on the condition that an independent right shall be surrendered. In such case, the party is entitled to know the precise value of the benefit, and to be fully cognizant of the nature and extent of her rights in respect to each subject matter of the choice cast upon her.    *Pigott* v. *Bagley,* McClel. & Younge, 569.    *Hall* v. *Hall,* 2 McCord Ch. 280.    Is there any presumption that without such knowledge an election has been made ?    As the appellant has made no *actual* choice of the contingent and incumbered testamentary provision, her application for dower should be viewed as if she had omitted to comply with the requisitions contained in that section of the statutes.    The judge of probate

Thompson *v.* McGaw & others.

rejected her claim because she *did not* seasonably *elect* to take her dower ; not because she *did elect,* in preference, the illusory provision in the will.

But even if her assent to accept the provision in the will were proved, nothing has come to her hands in consequence thereof ; no change has thereby been caused in the circumstances of the estate, or of other parties interested therein ; and she may recall it.   2 McCord Ch. 280.   Assent obtained or induced by deception, or given in ignorance of facts, is inoperative.   If by an assent given with a perfect knowledge, the testamentary provision has been elected in preference to dower, and the appellant shall be deprived thereof, she is to be endowed by virtue of Rev. Sts. *c.* 60, § 13.   Therefore, if the insolvency of the estate is admitted, and she shall be held to an enforced election of the testamentary provision, her dower should be assigned to her upon this application.

The appellant was not obliged to make an election, under the circumstances in which she was placed.   The subjects, respecting which a choice was to be made, have not both been before her, nor has she had the power to take, or even to ascertain that it will be possible to take, the provision intended for her by the will.   The statute before cited does indeed per emptorily require, that if any provision be made for a widow in her husband's will, she shall, within six months after probate, elect between the provision and her dower, for the purpose of preventing her taking both, unless it shall plainly appear that her husband intended she should take both.   Here was a devise of all the estate ; and by such devise, is it not manifest, that in addition to the right of dower, the testator intended that the widow should enjoy such other title as he could confer by will ?   If so, there was no necessity, under the statute, for an election.   If not so, there was neither a cause nor an opportunity to make an election.   The widow was to take *all* the real estate, if there was any, and if there was neither real nor personal property remaining when the estate was settled, there would not be two subjects upon which a choice could be exercised.

But if, by the statute, an election is demanded under all cir-

cumstances, when there is a semblance of provision for the wid‑
ow in the husband's will, what are the consequences of a refusal
or neglect to observe this requisition ?   Will the right of dower
and the testamentary provision be *both* lost, or will only one, and
which of them, be withdrawn ?   The loss of both cannot be in‑
flicted as a penalty for disregard of the statute.   And it is clear
that, without the plain intent of the husband that both shall be
taken, the widow can take but one.   Which shall be hers, in
such case ?   The answer must be, the right which belonged to
her before the testamentary provision was presented to her as a
substitute for such right.   See *Hastings* v. *Dickinson*, 7 Mass.
153.   *Gibson* v. *Gibson*, 15 Mass. 106. *Morgan* v. *Edwards*,
1 Bligh (N. S.) 401.   *Harvey* v. *Ashley*, 3 Atk. 616.

*Aylwin* and *Paine*, for the appellees.   The just inference from
the Rev. Sts. *c.* 60, § 11, is that a widow, who has a provision
in her husband's will, cannot be silent for ' six months after pro‑
bate of the will, except at the risk of having a legal presumption
drawn that she assents to the provision in lieu of dower.   The
statute of 1783, *c.* 24, § 8, changed the rule of the common
law, that a devise to a widow should be presumed to be in addi‑
tion to dower, and reversed the presumption.   *Merrill* v. *Eme-
ry,* 10 Pick. 507.   *Reed* v. *Dickerman*, 12 Pick. 146.   The
only question, in such cases, before the revision of the statutes,
was whether a reasonable time had elapsed within which the in‑
tention of the widow to conform to the will was to be presumed.
If she did not, within such time, waive the provision, she was
held to have accepted it, and was barred of her claim to dower.
Where there was no opportunity for her to manifest a choice,
the legal result depended on the question which was most bene‑
ficial, the provision in the will, or dower ?  12 Pick. 146.   The
revised statutes have, by a positive enactment, closed the door
to all controversy as to time.   The widow must make her elec‑
tion within six months after probate of the will.   The commis‑
sioners declared that it was their intent to conform to the exist‑
ing law, with the addition of a limitation of time.   If, however,
because there is no legislative declaration what shall be the con‑
sequence of omitting to make an election, the widow may claim

her dower, as the appellant's counsel suggests, then the former law is repealed.

The appellant's first reason of appeal proceeds on the hypothesis that she had assented to the testamentary provision, and seeks to avoid that assent because it was given under a mistaken belief that the estate would amount to a large sum of money. She, however, being executrix, was immediately in a situation to ascertain the amount of the testator's property, and she returned an inventory thereof, within a month after the will was proved. She also filed a list of debts, and represented the estate to be insolvent, about six weeks only after the expiration of six months from the probate of the will    This was, therefore, not a case of surprise.

The truth of the second reason of appeal, however probable, cannot now be proved.    The estate has indeed been represented insolvent.    *Non constat* that there will be an absolute insolvency.    In the language of this court, in *Crane* v. *Crane*, 17 Pick. 427, on a similar subject, " we cannot say that this is no provis ion for the widow within the meaning of the statute.    The deceased certainly made a will, and in point of fact expressed his intention concerning his wife."    A residuum only was devised to the appellant, and that residuum, if there be any, she will have.

The necessity of making an election within six months does not depend on the sufficiency of the provision, or on its being equivalent to dower at law.    It may rise or fall in value.    It is enough, if any provision be made and be known to the widow, to put her to an election.    Such a case has some resemblance to an assignment of dower against common right.    If it is accepted, it is to be taken with all its advantages and disadvantages, so far at least as it regards value.    *Jones* v. *Brewer*, 1 Pick. 314.    If the provision had been of shares in a bank which afterwards failed, it could not be pretended that this would give a right to an assignment of dower.

As to the recalling of the appellant's assent to the provision, and her right to be endowed, within the equity of the thirteenth section of the statute, the answer, in the first place, is that six

months are given her to consider all the circumstances which may affect her interest, and she must, in that time, form her determination at her own peril.   It was with a view, in part, to exclude all pretences of mistake, &c. that this definite limitation was prescribed.   Any occasional inconvenience caused by it is doubtless greatly overbalanced by the settling of a fixed rule.   Besides, the thirteenth section of the statute provides only for cases where the widow is evicted, or is deprived of the provision made by the will of the husband.   The joining of the two classes makes the legislative intent manifest.   The first is by eviction, and necessarily by paramount title.   This, of course, can take place only after an assignment of dower, and then the widow is endowed anew.   So of being deprived of the provision.   This must arise from a similar cause.   It must be the entire loss of the thing provided, from want of title or ownership by the husband, which furnishes the claim to a new provision.

DEWEY, J.   The appellees insist that the right of dower is barred by reason of the provision made for the appellant in the will of her husband, and her implied acceptance of the same.  They rely on the Rev. Sts. *c.* 60, § 11, wherein it is enacted that "if any provision be made for a widow, in the will of her husband, she shall, within six months after probate of the will, make her election whether she will take that provision or be endowed of his lands ; but she shall not be entitled to both, unless it plainly appears, by the will, to have been the intention of the husband, that she should have such provision, in addition to her dower."   The earlier statute of 1783, *c.* 24, § 8, contained no provision as to the time within which the election was to be made, and each case was decided upon its own peculiar features, no precise rule, as to the effect to be given to the lapse of time, having been adopted.   The appellees contend that, by the revised statutes above referred to, a limited period of time is now prescribed, within which this election is to be made, and that the omission of the widow to make such election, within six months after the probate of the will, amounts to a waiver of her right to dower.

Assuming such to be the true construction and proper effect

to be given to § 11 of the statute, the delay of the widow to elect would constitute a good *prima facie* defence to her claim of dower ; and if the case disclosed no other facts in aid of her right, the bar would be perfect.   But by the same statute, § 13, it is further provided, among other things, that " if a woman is deprived of the provision made for her, by will or otherwise, in lieu of dower, she may be endowed anew, in like manner as if such provision had not been made."   And the further inquiry is, whether the widow is within the reasonable construction of this section of the statute, and may now insist on her dower, as one deprived of the provision made for her in the will.   She now insists that upon the final settlement of her husband's estate, after discharging all his debts, there will be no residuum, and that the entire provision therefore fails.   There has been no *laches* on her part as to the time of asserting her claim under § 13 of the statute.   After the failure of the provision by will in her favor was known, she, at a very early period, and before any change had taken place in the real estate, or any interests had been acquired in the same, by any sale or disposition thereof, insisted upon her right of dower.

Had the provision in her favor been a certain sum of money, certain articles of personal property, or a parcel of real estate, and had she been deprived of the same by its being absorbed in the payment of debts, the case provided for in § 13 would clearly have occurred, and she would be entitled to her dower. The only difficulty here arises from the peculiar language of the provision in the will ; " all the real and personal estate of which I shall be the owner at the time of my decease, after my just debts shall have been paid," &c.   It is said that all she was to receive was the residuum, and therefore she will now receive all that was given by the will, and that the amount of the same was a contingency to which she subjected herself by accepting the provision of the will.   And it is true, that as to the amount of this residuum, it was a contingency to which the provision was necessarily subject ; but the will clearly contemplated a residuum, more or less.   It assumed that the estate was to be a solvent estate, and that after payment of the debts and legacies

charged upon it, some provision would remain. Indeed from the clause added by way of further provision, in case of the marriage of the widow, that she should have only one third of the real estate, it is quite apparent that the expectations, held out to the widow on the face of the will presented for her acceptance, were that the provision made for her would, in any event, exceed one third of the real estate.

If the estate be insolvent, and after applying the entire property it shall appear that there was no residuum in the power of the testator to devise, then the provision made for the widow in the will has wholly failed, and we think she may claim her dower. Before such a decree can be passed, however, it will be necessary to ascertain the whole amount of debts and liabilities against the estate, and the value of all the real and personal estate, estimating its value without the incumbrance of the widow's dower ; and if it shall appear, from a comparison of the debts and liabilities with the assets, that the estate is insufficient to discharge said debts and liabilities, and that no surplus will be left, the widow will take her dower as prayed for in her petition. We see no objection to such a decree, from the fact that it appears on the records of the probate court that at some period prior to filing her present petition for dower, the appellant made a similar application to the judge of probate, which was denied, and from which decision no appeal was taken. At the time of making that application, no sufficient evidence existed of the actual insolvency of the husband's estate, which would authorize a decree assigning her dower. If, therefore, upon a further hearing, it shall appear that there will be no residuum, under the provision in the will, the appellant will be entitled to a decree for dower